**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MISSOURI
WESTERN DIVISION**

ROBERT WIESE, Individually and as )
Next Friend of TERESE WIESE, )
)
     Plaintiff, )
)
v. )    Case No. 05-1090-CV-W-GAF
)
MERCK & CO., INC., )
)
     Defendant. )

### NOTICE OF REMOVAL

        Defendant Merck & Co., Inc. ("Merck"), through undersigned counsel, hereby

removes the above-captioned action from the Circuit Court of Jackson County, Missouri at

Independence to the United States District Court for the Western District of Missouri pursuant to

28 U.S.C. §§ 1332, 1441, & 1446 and respectfully files this Notice of Removal and states:

        1.    This case is one of many that have been filed recently in both federal and

state courts around the country concerning Vioxx®. On or about October 21, 2004, Merck filed

a motion for coordinated pre-trial proceedings ("MDL Motion") with the Judicial Panel on

Multidistrict Litigation ("Panel") to coordinate the Vioxx cases pending in federal courts in a

single district court ("MDL"), pursuant to 28 U.S.C. § 1407 and Rule 7.1(b) of the Rules of

Procedure of the Judicial Panel on Multidistrict Litigation. On February 16, 2005, the Panel

directed that the 148 cases before it at that time be transferred and coordinated for pretrial

proceedings in the U.S. District Court for the Eastern District of Louisiana, before the Honorable

Eldon E. Fallon. Merck intends to seek the inclusion of this case within the MDL proceeding.

2.       On August 26, 2005, Robert Wiese ("Plaintiff") commenced this action by filing a Petition For Damages (TD) ("Petition") in the Circuit Court of Jackson County, Missouri at Independence, bearing Case Number 0516-CV23767.

3.       As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Merck has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I.       MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4.       The Petition was served on Merck on October 5, 2005.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441.

5.       The Circuit Court of Jackson County, Missouri, is located within the Western District of Missouri.  28 U.S.C. § 105(b)(1).  Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

6.       No previous application has been made for the relief requested herein.

7.       Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Merck, including the Petition, Summons and Answer, are attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Circuit Court of the State of Missouri, Jackson County.

## II.      REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

**A.      Complete Diversity Of Citizenship**

9.      There is complete diversity between Plaintiff and the Defendant.  Plaintiff is not a citizen of New Jersey, and Merck is not a citizen of Missouri.

10.     Plaintiff Wiese is a citizen of the State of Missouri.  (Petition ¶ 1.) Plaintiff Wiese does not allege any alternative state of residence.  Accordingly, upon information and belief, Missouri is the state in which Plaintiff Wiese is domiciled and, therefore, the state of which Plaintiff Wiese is a citizen.  Terese Wiese, for whom Plaintiff Wiese seeks to act as a legal representative, is a citizen of the State of Missouri.  (Petition ¶ 1.)  Plaintiff Wiese does not allege any alternative state of residence for Terese Wiese.  Accordingly, upon information and belief, Missouri is the state in which Terese Wiese is domiciled and, therefore, the state of which Terese Wiese is a citizen.  28 U.S.C. § 1332(c)(2).

11.     Merck is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, White House Station, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).  The parties are citizens of different states for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**B.      The Amount In Controversy Requirement Is Satisfied.**

12.     It is apparent on the face of the Petition that Plaintiff is seeking recovery of an amount in excess of $75,000, exclusive of costs and interest.  Plaintiff is seeking, without limitation: (1) compensatory damages for, *inter alia*, medical expenses, physical pain and mental

3

anguish, lost wages, loss of household services and loss of consortium; (2) punitive damages; and (3) interest and costs of suit. (Petition ¶¶ 23, 24, 29, 30, 36, 37, 43, 44, 53, 54, 61, 62, 64, 66, 68).

   13. Plaintiff asserts claims of personal injury. (Petition ¶¶ 8, 23, 29, 36, 43, 53, 64). Where a plaintiff alleges personal injury, including permanent disability, the jurisdictional minimum is presumed to have been met. *See Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1039-41 (E.D. Mo. 2002) (denying remand and finding "as a legal matter that a fact finder might conclude that the damages of each plaintiff exceeds the jurisdictional amount" where "plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries; [claimed] their ability to work, labor, and enjoy life has been and will be impaired; and [] Quinn lost wages."). Plaintiff also seeks punitive damages, and punitive damages may be considered in determining whether the amount in controversy requirement is met. *Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992). Here, because Plaintiff brings claims of personal injury, the amount in controversy requirement is clearly met.

   14. Moreover, in circumstances similar to this case, federal courts around the country have ruled that actions alleging personal injuries caused by Vioxx meet the amount-in-controversy threshold. *See, e.g., Morgan v. Merck & Co.*, No. 3:03cv435WS, slip op. at 2 (S.D. Miss. Mar. 29, 2004); *Benavidez v. Merck & Co.*, No. L-03-134, slip op. at 1 (S.D. Tex. Apr. 6, 2004); *Stubblefield v. Merck & Co.*, Civ. No. H-02-3139, slip op. at 1 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co.*, No. 02-C-4203, slip op. at 1 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co.*, No. 02-0196, slip op. at 2 n.2 (W.D. La. June 18, 2002); *Jones v. Merck & Co.*, Civ. No. 02-00186, slip op. at 2 (D. Haw. June 5, 2002). These courts all were presented with

complaints seeking damages for injuries caused by Vioxx, and all found that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

15.     Under the applicable provisions of 28 U.S.C. § 1441 and other applicable statutes, all of which defendant Merck has complied with, this cause of action is removable to the Western Division of the United States District Court for the Western District of Missouri.

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court of Jackson County, Missouri at Independence, bearing Case No. 0516CV-23767, to this Court pursuant to 28 U.S.C. § 1441.

Respectfully Submitted,

_/s/ George F. Verschelden_____
John C. Aisenbrey      MO Bar # 31907
George F. Verschelden  MO Bar # 55128
STINSON MORRISON HECKER LLP
1201 Walnut, Suite 2800
Kansas City, Missouri 64108
Tel:    (816) 842-8600
Fax:    (816) 691-3495

ATTORNEYS FOR DEFENDANT
MERCK & CO., INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was placed in the United States mail, postage prepaid, this 3rd day of November, 2005 to:

Kenneth B. McClain
Daniel A. Thomas
Christopher R. Miller
Humphrey, Farrington & McClain
221 West Lexington, Suite 400
Independence, Missouri 64050
ATTORNEYS FOR PLAINTIFFS

_/s/ George F. Verschelden_____
Attorney for Defendant Merck & Co., Inc.

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

ROBERT WIESE, Individually and as )
Next Friend of TERESE WIESE, )
  1501 Thompson Avenue )
  Liberty, Missouri 64068 )
         )
       Plaintiffs, )
         )
vs.         )
         )
MERCK & CO., INC.,   )
Serve Registered Agent:  )
  The Corporation Company )
  120 South Central Avenue )
  Clayton, Missouri 63105 )
         )
       Defendant. )

**05CV-23767**
Case No. _____

Division _____

**DIVISION
28**

## PETITION FOR DAMAGES
(TD)

   COME NOW Plaintiffs Robert Wiese, Individually and as Next Friend to Terese

Wiese, by and through counsel and for their causes of action, state:

### JURISDICTION AND VENUE

   1.  Plaintiffs Terese Wiese and Robert Wiese are individuals, over the age of twenty-one

(21) and residing in Liberty, Missouri. Terese Wiese is mentally disabled, suffering from clinical

schizophrenia and currently resides in a twenty-four hour treatment facility. At all times mentioned

herein, Robert Wiese was the lawfully wedded spouse of Terese Wiese and has been appointed next

friend by motion and order of this honorable court filed with this Petition.

   2.  Defendant Merck & Co., Inc. ("Merck"), is a New Jersey Corporation doing

business and maintaining offices and a manufacturing facility in the State of Missouri.

Defendant Merck regularly sells the defective product as issue in this case, Vioxx,

throughout the entire state of Missouri, including Eastern Jackson County, Missouri.

3.    This Court has jurisdiction pursuant to R.S.Mo. § 506.500 (1) and (3), since the defective product was sold, the Plaintiff's injuries occurred, and the tort was completed, in Missouri. Venue is proper pursuant to R.S.Mo. § 508.040.

## FACTS AND ALLEGATIONS SPECIFIC TO DEFENDANT MERCK AND ITS PRESCRIPTION DRUG - VIOXX

4.    Plaintiff hereby adopts and incorporates the allegations set forth in paragraphs 1 through 3 above, as though fully set forth herein.

5.    Beginning in 1999, Defendant Merck marketed a defective pharmaceutical product known as Vioxx, a medication primarily designed to reduce pain and inflamation associated with arthritis. Vioxx was not only sold in the United States, but in more than 80 countries worldwide.

6.    At all times relevant hereto, Defendant Merck designed, tested, formulated, manufactured, marketed and sold Vioxx. Vioxx is a member of a class of drugs that are commonly referred to as "COX-2 inhibitors." COX-2 inhibitors are non-steroidal anti-inflammatory drugs (NSAIDs) used to relieve pain by temporarily blocking the body's production of prostaglandins, the chemicals which are generally associated with the pain and inflammations of injuries and immune reactions.

7.    Upon information and belief, Terese Wiese began taking Vioxx at the direction of her personal physician. Terese Wiese took her prescription as prescribed and directed.

8.    Upon information and belief, as a direct and proximate result of taking Vioxx for an extended period of time, Terese Wiese developed adverse reactions and/or health

conditions, including but not limited to multiple myocardial infarctions in July and August of 2004.

9.      Despite knowledge in its clinical trials and post-marketed reports associating Vioxx with hypertension and/or hypertension-related adverse health effects, as well as heightened risk of cardiovascular complications including, *inter alia*, heart attacks and strokes; Defendant Merck marketed and promoted Vioxx as safe and effective for persons with hypertension, or persons who had risk factors for stroke or other cardio-related health problems.

10.     All COX-2 inhibitors, including Vioxx have been associated with rare reports of increased risk of cardiovascular events, such as heart attack and stroke.

11.     Defendant Merck sold Vioxx by misleading users about the product and by failing to adequately warn the users of the potential serious dangers which Defendant Merck knew or should have known might result from consuming Vioxx. Defendant Merck widely and successfully marketed Vioxx throughout the United States by, *inter alia*, conducting promotional campaigns which misrepresented the efficacy of Vioxx in order to induce widespread use and consumption. Defendant Merck made misrepresentations by means of media advertisements and statements contained in sales literature provided to prescribing physicians.

12.     Defendant Merck concealed the serious cardiovascular risks associated with Vioxx because a successful launch of Vioxx was viewed as critical for Merck, and safety concerns over hypertension, thrombosis, edema and/or cardiovascular events would have drastically impacted Merck's positioning in the market as compared to its competition drug,

MDO1E07968

Celebrex, which had been placed into the market by Defendant Pfizer some three months prior to the launch of Vioxx.

13.     Upon information and belief, as a result of the manufacturing and marketing of Vioxx, Defendant Merck has reaped huge profits, while concealing from the public and Terese Wiese, knowledge of the potential health hazards associated with the ingestion of Vioxx.

14.     Prior to the manufacturing, sale and distribution of Vioxx, Defendant Merck had notice and knowledge from several sources, prior to the date of the marketing and sale of Vioxx to Terese Wiese, that Vioxx presented substantial and unreasonable risk of harm to consumers.   As such, said consumers, including Terese Wiese, were unreasonably subjected to risks of injury and/or death from the ingestion of Vioxx.

15.     In September of 2001, Defendant Merck received a third Warning Letter from the FDA stating in part that Defendant Merck's promotional activities and materials are "false, lacking in fair balance, or otherwise misleading in violation of the Federal Food, Drug, and Cosmetic Act (the Act) and applicable regulations."   The FDA stated that Defendant Merck's promotional campaign "minimizes the potentially serious cardiovascular findings" and "misrepresents the safety profile for Vioxx." The FDA further wrote:

> "your claim in the [May 22, 2001] press release that Vioxx
> has a 'favorable safety profile' is simply incomprehensible,
> given the rate of MI [myocardial infarction] and serious
> cardiovascular events compared to naproxen. The implication
> that Vioxx's cardiovascular profile is superior to other NSAIDs
> is misleading; in fact, serious cardiovascular events were twice
> as frequent in the Vioxx treatment group . . . as in the naproxen
> treatment group . . ."

16.   In April of 2002, the FDA ordered Defendant Merck to place new cardiovascular warnings on its Vioxx labeling based on the results of the VIGOR study. In addition, Merck was required to place new label warnings relaying that Vioxx 50mg per day is not recommended for chronic use. These warnings were based on information that had been in Defendant Merck's possession by approximately January of 2000 at the latest.

17.   On September 30, 2004, Defendant Merck announced that it would withdraw Vioxx from the U.S. market, allegedly due to "new" data which confirmed the heightened risk of cardiovascular events with the use of Vioxx. However, clinical studies long before this date consistently showed results indicating that use of Vioxx significantly increased the patient's risk of heart attacks and strokes.

18.   On September 30, 2004, Defendant Merck issued a letter to health-care professionals about Vioxx which states, in pertinent part:

> Merck & Co., Inc. today announced a voluntary worldwide withdrawal of Vioxx® (rofecoxib), its arthritis and acute pain medication.
>
> In this study, there was an increased relative risk for confirmed cardiovascular events, such as heart attack and stroke.
>
> Results of the VIGOR (Vioxx Gastrointestinal Outcomes Research) study, released in March 2000, demonstrated that the risk of gastrointestinal toxicity with Vioxx was less than with Naproxen, but indicated an increased risk of cardiovascular events versus Naproxen.

# COUNT I
## NEGLIGENCE
### (Robert Wiese as Next to Friend of Terese Wiese v. Defendant Merck)

19.    Plaintiff adopts and incorporates the allegations set forth in paragraphs 1 through 18 above, as though fully set forth herein.

20.    Defendant Merck had a duty to use the degree of care that an ordinarily careful and/or very careful person, or member of Defendant Merck's business and/or profession would use under the same or similar circumstances to design, test, formulate, manufacture, market, issue warnings calculated to be read and heeded by consumers, and/or sell the product Vioxx.

21.    Defendant Merck failed to use due care under the circumstances and was thereby negligent in the performance of such duties.

22.    As a direct and proximate result of Defendant Merck's negligence and breach of duty, Terese Wiese has been injured and damaged as herein described.

23.    Terese Wiese has incurred necessary and reasonable medical expenses, suffered physical pain and mental anguish, experienced other economic hardships such as lost wages and loss of household services, all as a direct and proximate result of the defective drug Vioxx.

24.    Defendant Merck's conduct which caused this damage showed complete indifference and a conscious disregard for the health and safety of others, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays for an award of damages against Defendant Merck in an amount to be determined by the jury, for punitive damages, together with interest and costs of suit, and for such other relief as is just and proper.

**COUNT II**

M001E07971

## STRICT LIABILITY
**(Robert Wiese as Next of Friend of Terese Wiese v. Defendant Merck)**

25.    Plaintiff adopts and incorporates the allegations set forth in paragraphs 1 through 24 above, as though fully set forth herein.

26.    Defendant Merck sold Vioxx in the course of Defendant's business.

27.    Vioxx was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use.

28.    Terese Wiese used Vioxx in a manner reasonably anticipated.

29.    Terese Wiese was damaged as a direct result of such defective condition as existed when Vioxx was sold. Terese Wiese has incurred necessary and reasonable medical expenses, suffered physical pain and mental anguish, experienced other economic hardships such as lost wages and loss of household services, all as a direct and proximate result of the defective drug Vioxx.

30.    Defendant Merck's conduct which caused this damage showed complete indifference and a conscious disregard for the health and safety of others, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays for an award of damages against Defendant Merck in an amount to be determined by the jury, for punitive damages, together with interest and costs of suit, and for such other relief as is just and proper.

## COUNT III
## STRICT LIABILITY FOR FAILURE TO WARN
**(Robert Wiese as Next of Friend of Terese Wiese v. Defendant Merck)**

M001E07972

31. Plaintiff hereby adopts and incorporates the allegations set forth in paragraphs 1 through 30 above, as though fully set forth herein.

32. Defendant Merck sold Vioxx in the course of Defendant's business.

33. Vioxx was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

34. Defendant Merck did not give an adequate warning of the danger.

35. Terese Wiese used the product in a manner reasonably anticipated.

36. Terese Wiese was damaged as a direct result of Vioxx being sold without an adequate warning. Terese Wiese has incurred necessary and reasonable medical expenses, suffered physical pain and mental anguish, experienced other economic hardships such as lost wages and loss of household services, all as a direct and proximate result of the defective drug Vioxx.

37. Defendant Merck's conduct which caused this damage showed complete indifference and a conscious disregard for the health and safety of others, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays for an award of damages against Defendant Merck in an amount to be determined by the jury, for punitive damages, together with interest and costs of suit, and for such other relief as is just and proper.


## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## UNDER UNIFORM COMMERCIAL CODE
**(Robert Wiese as Next of Friend of Terese Wiese v. Defendant Merck)**

38.    Plaintiff hereby adopts and incorporates the allegations set forth in paragraphs 1 through 37 above, as though fully set forth herein.

39.    Defendant Merck sold and Terese Wiese purchased Vioxx.

40.    When sold by Defendant Merck, Vioxx was not fit for one of its ordinary purposes.

41.    Terese Wiese used Vioxx for such a purpose.

42.    Within a reasonable time after Terese Wiese knew or should have known the product was not fit for such purpose, Terese Wiese gave Defendant notice thereof.

43.    As a direct result of Vioxx being unfit for such purpose, Terese Wiese was damaged. Terese Wiese has incurred necessary and reasonable medical expenses, suffered physical pain and mental anguish, experienced other economic hardships such as lost wages and loss of household services, all as a direct and proximate result of the defective drug Vioxx.

44.    Defendant Merck's conduct which caused this damage showed complete indifference and a conscious disregard for the health and safety of others, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays for an award of damages against Defendant Merck in an amount to be determined by the jury, for punitive damages, together with interest and costs of suit, and for such other relief as is just and proper.

## COUNT V
### FRAUD
**(Robert Wiese as Next of Friend of Terese Wiese v. Defendant Merck)**

45.    Plaintiff hereby adopts and incorporates the allegations set forth in paragraphs

M001E07974

1 through 44 above, as though fully set forth herein.

46.     At all times herein mentioned, Defendant Merck was engaged in the business of manufacturing, distributing, promoting, and selling Vioxx.

47.     Defendant Merck made misrepresentations of material facts to, and omitted and/or concealed material facts from Terese Wiese and her prescribing physicians in the advertising, marketing, distribution and sale of Vioxx regarding its safety and use.

48.     Defendant Merck deliberately and intentionally misrepresented to, and omitted and/or concealed material facts from consumers, including Terese Wiese and her prescribing physicians, that Vioxx was safe when used as intended.  Such misrepresentations, omissions, and concealment of facts include, but are not limited to:

> (a)     Failing to disclose and/or intentionally concealing the results of tests showing the potential risks of serious heart attack, stroke and/or heart disease;
>
> (b)     Failing to include adequate warnings about the potential and actual risks and the nature, scope, severity, and duration of serious adverse effects of Vioxx;
>
> ©)     Concealing and/or providing false or inaccurate information regarding the known risks of serious heart attack, stroke and/or heart disease;
>
> (d)     Concealing the known incidents of serious heart attack, stroke and/or heart disease, as previously alleged herein.

49.     Defendant Merck intentionally concealed facts known to it, as alleged herein, in order to ensure increased sales of Vioxx.

50.     Defendant Merck had a duty to disclose the foregoing risks and failed to do so despite possession of information concerning those risks.   Defendant Merck's misrepresentations that Vioxx was safe for its intended purpose were false as Vioxx was in

fact dangerous to the health of Terese Wiese . Moreover, Defendant Merck knew that its statements were false; knew of incidents of serious heart attack, stroke, and/or heart disease; and knew that its omissions rendered its statements false or misleading.

51.     Terese Wiese was not aware of the falsity of the foregoing misrepresentations, nor was she aware that material facts concerning the safety of Vioxx had been concealed or omitted.  In reliance upon Defendant Merck's misrepresentations (and the absence of disclosure of the serious health risks), Terese Wiese ingested Vioxx.  Had she known of the true facts concerning the risks associated with Vioxx, Terese Wiese would not have taken it.

52.     The reliance by Terese Wiese upon Defendant Merck's misrepresentations was justified because said misrepresentations and omissions were made by individuals and entities that were in a position to know the true facts concerning Vioxx.  Terese Wiese was not in a position to know the true facts, because Defendant Merck aggressively promoted the use of Vioxx and concealed the risks associated with its use, thereby inducing Terese Wiese to use Vioxx, and induced physicians to prescribe Vioxx.

53.     As a direct result of Defendant Merck's misrepresentations and/or concealment, Terese Wiese was damaged.  Terese Wiese has incurred necessary and reasonable medical expenses, suffered physical pain and mental anguish, experienced other economic hardships such as lost wages and loss of household services, all as a direct and proximate result of the defective drug Vioxx.

54.     Defendant Merck's conduct which caused this damage showed complete indifference and a conscious disregard for the health and safety of others, justifying the

M001E07976

imposition of punitive damages.

WHEREFORE, Plaintiff prays for an award of damages against Defendant Merck in an amount to be determined by the jury, for punitive damages, together with interest and costs of suit, and for such other relief as is just and proper.

### COUNT VI
### VIOLATION OF THE MERCHANDISING PRACTICES ACT
### R. S. Mo. § 407.010, *et seq.*
### (Robert Wiese as Next of Friend of Terese Wiese v. Defendant Merck)

55.     Plaintiff hereby adopts and incorporates the allegations set forth in paragraphs 1 through 54 above, as though fully set forth herein.

56.     Terese Wiese was induced to purchase and ingest Vioxx as a result of deceptive advertising directed towards her as a consumer and a pain sufferer. Terese Wiese was induced to purchase Vioxx based on misrepresentations that it was a safe alternative treatment for arthritis and general aches and pains.

57.     Defendant Merck concealed and misrepresented material information which clearly showed that Vioxx posed a serious risk for cardiac related illnesses, including heart attacks, strokes and blood clots. Defendant Merck marketed Vioxx as a breakthrough drug which offered higher incidence of pain relief than other NSAIDs, while scientific data indicated that the efficacy of Vioxx was no better than that of common, over-the-counter NSAIDs and that the risks of cardiac-related side effects were much higher with Vioxx.

58.     Such fraudulent marketing and advertising constitutes the use or employment by Defendant Merck of unlawful practices in connection with the sale and advertisement of merchandise in violation of the Missouri Merchandising Practices Act, R.S.Mo. § 407.010,

M001E07977

*et seq.*

59.     Such unlawful practices were employed by Defendant Merck to induce Terese Wiese to purchase Vioxx at prices much higher than over-the-counter NSAIDs even though Vioxx was no more effective and was much more dangerous than over-the-counter NSAIDs.

60.     Terese Wiese was injured by such unlawful practices in an amount to be proven at trial.

61.     Pursuant to R.S.Mo. § 407.010, *et seq.*, Terese Wiese has the right to recover actual damages sustained by such unlawful practices plus punitive damages, reasonable attorney fees and costs.

62.     Defendant Merck regularly engages in these unlawful practices, which are willful, wanton, malicious and outrageous, showing complete indifference and a conscious disregard for the health, safety and rights of others and justifying the imposition of punitive damages to punish this Defendant and to deter it, and others in the pharmaceutical industry, from like conduct.

WHEREFORE, Plaintiff prays for an award of damages against Defendant Merck in an amount to be determined by the jury, for punitive damages, together with interest and costs of suit, and for such other relief as is just and proper.

**COUNT VII**
**LOSS OF CONSORTIUM**
**(Robert Wiese v. Defendant Merck)**

63.     Plaintiff hereby adopts and incorporates the allegations set forth in paragraphs 1 through 62 above, as though fully set forth herein.

64.     As a result of the injuries suffered by Plaintiff Terese Wiese, and as a direct

MO01E07978

and proximate result of Defendant's aforementioned negligence and wrongful conduct, Plaintiff

Robert Wiese has had to expend monies for Terese Wiese's medical treatment. Plaintiff Robert

Wiese has suffered mental anguish, suffering, loss of his wife's valuable services as well as her

common part of work and comfort, society, protection, companionship, love and affection,

advice and counsel, loss of care, attention, consortium and guidance usually afforded between

husband and wife.

WHEREFORE, Plaintiff prays for an award of damages against Defendant Merck

in an amount to be determined by the jury, for punitive damages, together with interest

and costs of suit, and for such other relief as is just and proper.

**COUNT VIII**
**AGGRAVATING CIRCUMSTANCES - PUNITIVE DAMAGES**
**(Plaintiffs v. Defendant Merck)**

65.    Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs

1 through 64 above, as though fully set forth herein.

66.    Defendant Merck committed one or more of the willful, wanton and malicious acts

more fully set forth above which individually and/or cumulatively justify the submission of punitive

damages in this case.

67.    Defendant Merck knew or had information from which, in the exercise of ordinary

care, should have known that such conduct, as more fully set forth above, created a high degree of

probability of injury or death to Terese Wiese and other similarly situated patients.

68.    The willful, wanton and malicious acts of Defendant Merck, as more fully set forth

above, evidence Defendant Merck complete indifference to and/or conscious disregard for the safety

of Terese Wiese, and others similarly situated, justifying the submission of punitive damages in this

case.

MQ01E07976

WHEREFORE, Plaintiffs pray for judgment against Defendant Merck, and for punitive damages in such an amount as will serve to punish and deter the defendant, and others similarly situated, from engaging in like conduct.

## DEMAND FOR JURY TRIAL OF ALL ISSUES

69.   Plaintiff demands a trial by jury for all causes of action identified above.

Respectfully submitted,

HUMPHREY, FARRINGTON, & McCLAIN

KENNETH B. MCCLAIN          #32430
DANIEL A. THOMAS            #52030
CHRISTOPHER R. MILLER       #53895
221 W. Lexington, Suite 400
Independence, Missouri 64050
Telephone:   (816) 836-5050
Facsimile:   (816) 836-8966

ATTORNEYS FOR PLAINTIFF

M001E07980



## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| Judge or Division:<br>VERNON E SCOVILLE III | Case Number: 0516–CV23767 | COPY<br>Circuit Court |
|---|---|---|
| Plaintiff/Petitioner:<br>ROBERT WIESE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL A THOMAS<br>221 W LEXINGTON<br>SUITE 400<br>INDEPENDENCE, MO 64050 | |
| | | (Date File Stamp) |
| Defendant/Respondent:<br>MERCK & CO INC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 | |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | | |

### Summons in Civil Case

The State of Missouri to:  MERCK & CO INC

SERVE R/A: THE CORPORATION
COMPANY, 120 S CENTRAL AVENUE
CLAYTON, MO 63105

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SEP 2 7 2005
_____
Date

_____
Clerk

Further Information: _____

### Sheriff's or Server's Return

Note to serving officer:    Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ County, MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(seal)          Subscribed and sworn to before me on _____

My commission expires: _____          _____
                                        Date                                    Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Mileage | $ _____ | ( ___ miles @ $ . ___ per mile) |
| Total | $ _____ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.        *For Court Use Only:*  Document Id # 05-CCSU-3643

# NOTICE

In keeping with the dignity and serious nature of court proceedings, proper attire is required in the courtrooms.  No participant in a case may appear in t-shirts, tank-tops, tube-tops, cut-offs, shorts, or other inappropriate clothing.  Attorneys are responsible for ensuring that clients and witnesses comply with this dress code.

It is also requested that all pagers/cell phones be turned off or not brought in to the Court.

If an attorney, party or witness to any of the proceedings will require an accommodation for a disability as defined by the Americans with disabilities Act, please contact the Court's ADA Coordinator at 881-3652.

Circuit Court of Jackson County

04/04

## THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

### NOTICE OF DISPUTE RESOLUTION SERVICES

### PURPOSE OF NOTICE

As a party to a lawsuit in this court, you have the right to have a judge or a jury decide your case. However, most lawsuits are settled by the parties before the trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often, such services are the most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### YOUR RIGHTS AND OBLIGATIONS IN COURT ARE NOT AFFECTED BY THIS NOTICE

Participation in any dispute resolution procedure is entirely voluntary. You will not be penalized if you do not use such a procedure.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use a dispute resolution procedure or not.  IF YOU HAVE BEEN SERVED WITH A PETITION OR MOTION FOR MODIFICATION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF A DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE A DISPUTE RESOLUTION PROCEDURE.

### DISPUTE RESOLUTION PROCEDURES

There are several procedures designed to help parties settle lawsuits.  Most of the procedures involve the services of a third party, often referred to as a "neutral", who is trained in dispute resolution and is not partial to any party. The services of the neutral are not provided by this court. The services are provided by organizations or individuals who may charge a fee for this help. Some of the well recognized dispute resolution procedures are:

(1) "Arbitration", a procedure in which a neutral person, typically one person or a panel of three persons, hears both sides and decides the matter. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, select the arbitrator or arbitrators and determine the rules under which the arbitration will be conducted;

(2) "Early neutral evaluation", a process designed to bring together parties to litigation and their counsel in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process;

(3) "Mediation", a process in which a neutral third party facilitates communication between the parties to promote settlement. A mediator may not impose his or her own judgment on the issues for that of the parties;

CIRCT 2030 – 04/04

M001E07983

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | |
|---|---|
| ROBERT WIESE, Individualy and as )<br>Next Friend of TERESE WIESE, )<br>1501 Thompson Avenue )<br>Liberty, Missouri 64068 )<br> )<br> Plaintiffs, )<br>vs. )<br> )<br>MERCK & CO., INC., )<br>Serve Registered Agent: )<br> The Corporation Company )<br> 120 South Central Avenue )<br> Clayton, Missouri 63105 )<br> )<br> Defendant. ) | Case No. **05CV-23767**<br><br>Division _____<br><br>**DIVISION 28** |

## APPLICATION FOR APPOINTMENT OF NEXT FRIEND

COME NOW, Robert Wiese, by and through counsel, and for his application for

appointment of next friend pursuant to Rule 52.02, represents to the court the following:

1.      Terese Wiese is an adult, over the age of twenty-one (21) years having been born

on March 19, 1947.

2.      Robert Wiese is the lawfully wedded spouse of Terese Wiese.

3.      Robert Wiese is an adult, over the age of twenty-one (21) years having been born

on October 24, 1946.

4.      Terese Wiese is mentally disabled, suffering from clinical schizophrenia and is

currently a patient/resident at Royal Terrace Nursing Home.

5.      Terese Wiese desires to have her husband institute an action on her behalf in the

Circuit Court of Jackson County, Missouri, at Independence, against Defendant Merck & Co.,

Inc. for her injuries.  Said injuries were sustained as a result of ingesting the prescription drug

Vioxx.

M001E07984

6. Terese Wiese has no legally appointed guardian.

7. Robert Wiese has consented to act as such next friend as evidence by his written

consent below.

WHEREFORE, Plaintiff respectfully requests that the court enter its order appointing

Robert Wiese her next friend for the purpose of instituting this action.

Respectfully submitted,

HUMPHREY, FARRINGTON, & McCLAIN

KENNETH B. MCCLAIN          #32430
DANIEL A. THOMAS            #52030
221 W. Lexington, Suite 400
Independence, Missouri 64050
Telephone:  (816) 836-5050
Facsimile:  (816) 836-8966

ATTORNEYS FOR PLAINTIFF

M301E07985

## CONSENT TO ACT AS NEXT FRIEND

Robert Wiese, lawfully wedded spouse of Terese Wiese, a mentally disabled adult over the age of twenty-one (21) years, hereby consents to be appointed as her net friend for the purpose of instituting an action on Terese Wiese's behalf against Defendant Merck & Co., Inc.

Robert Wiese, Next Friend

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| ROBERT WIESE, Individually and as ) | |
| Next Friend of TERESE WIESE, ) | **05CV-23767** |
|     1501 Thompson Avenue ) | Case No. _____ |
|     Liberty, Missouri 64068 ) | |
| ) | Division __DIVISION__ |
|            Plaintiffs, ) | **28** |
| vs. ) | |
| ) | |
| MERCK & CO., INC., ) | |
| Serve Registered Agent: ) | |
|     The Corporation Company ) | |
|     120 South Central Avenue ) | |
|     Clayton, Missouri 63105 ) | |
| ) | |
|            Defendant. ) | |

## ORDER

    Upon the application and request for the appointment of Robert Wiese as next friend for

the purpose of prosecuting in this court the above lawsuit filed by this individual, the written

consent of the proposed next friend having been filed with the court, and it appearing that said

individual has no appointed next friend or guardian.

    IT IS HEREBY CONSIDERED, ORDERED, AND ADJUDGED that Robert Wiese be

and is hereby appointed as next friend for Terese Wiese, a mentally disabled adult for the

purpose of prosecuting a claim for damages against the defendant.

                         PRESIDING JUDGE

A TRUE COPY - ATTEST
CIRCUIT COURT OF JACKSON COUNTY, MO
DIVISION 28
DIVISION CLERK
BY _____ DCA

M001E07987

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on September 22, 2005, a true and correct copy of the above was placed in the United States mail, first class, postage prepaid and addressed as follows:

Kenneth B. McClain
Daniel A. Thomas
221 W. Lexington, Ste. 400
Independence, MO 64050
*Attorneys for Plaintiff*

Robert Wiese
1501 Thompson Ave.
Liberty, MO 64068
*Next Friend*

Merck & Co., Inc.
The Corporation Company
120 South Central Avenue
Clayton, MO 63105
*Registered Agent*

Desarae Harrah
Law Clerk

M001E07998

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
10/05/2005
Log Number 510596211

TO:     Debra A Bollwage 519047798999
        Merck & Co., Inc.
        One Merck Drive
        Whitehouse Station, NJ, 08889-0100

RE:     **Process Served in Missouri**

FOR:    Merck & Co., Inc. (Domestic State: NJ)

RECEIVED
OCT  6 2005

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Robert Wiese, Individually and as Next Friend of Terese Wiese, Pltfs. vs. Merck & Co., Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Notices, Petition, Application for Appointment of Next Friend, Consent to Act as Next Friend, Order, Certificate of Service |
| **COURT/AGENCY:** | Circuit Court Jackson County at Independence, MO
Case # 0516CV23787 |
| **NATURE OF ACTION:** | Personal Injury - Petition for personal injuries, suffered as a result of defective and dangerous pharmaceutic product Vioxx. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/05/2005 at 11:28 |
| **APPEARANCE OR ANSWER DUE:** | Thirty (30) days after service exclusive day of service. |
| **ATTORNEY(S) / SENDER(S):** | Daniel A. Thomas
Humphrey, Farrington & McClain
221 W. Lexington
Suite 400
Independence, MO, 64050
816-836-5050 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 790668205085
Ref. #519047798999 |
| **SIGNED:**
**PER:**
**ADDRESS:** | C T Corporation System
John Linnihan
120 South Central Avenue
Suite 400
Clayton, MO, 63105 |
| **TELEPHONE:** | 314-863-5545 |

Page 1 of  1 / BL

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action.

M001E079869

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

ROBERT WIESE, Individually and as )
Next Friend of TERESE WIESE, )
                     )
       Plaintiff, )
                     )    Case No. 0516-CV23767
     v. )    Division 28
                     )
MERCK & CO., INC., )
                     )
       Defendant. )

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorney, answers Plaintiff's

Petition for Damages (TD) ("Petition") in each and every count thereof, separately and severally,

as follows:

### RESPONSE TO INTRODUCTION

The allegations contained in the introduction to the Petition are legal conclusions as to

which no responsive pleading is required.  In response to the allegation that Plaintiff appears as

Next Friend to Terese Wiese, Merck respectfully refers the Court to the September 22, 2005

Order appointing Next Friend.

### RESPONSE TO "JURISDICTION AND VENUE"

1.      Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 1 of the Petition, except in response to the

allegation that Plaintiff appears as Next Friend to Terese Wiese, Merck respectfully refers the

Court to the September 22, 2005 Order appointing Next Friend..

2.      Denies each and every allegation contained in paragraph 2 of the Petition except

admits that Merck is a New Jersey Corporation with its principal place of business at One Merck

Drive, Whitehouse Station, New Jersey and that it is authorized to do business in the State of Missouri.

3.      The allegations contained in paragraph 3 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "FACTS AND ALLEGATIONS SPECIFIC TO DEFENDANT MERCK AND ITS PRESCRIPTION DRUG – VIOXX"

4.      With respect to the allegations contained in paragraph 4 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

5.      Denies each and every allegation contained in the first sentence of paragraph 5 of the Petition except admits that in 1999 Merck received FDA approval to market the prescription medicine Vioxx® (hereafter, "Vioxx") and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text.  Denies each and every allegation contained in the second sentence of paragraph 5 of the Petition, except admits that Vioxx was registered, marketed and sold in approximately 80 countries outside the United States.

6.      Denies each and every allegation contained in paragraph 6 of the Petition except admits that Vioxx is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

7.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Petition.

2

8.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Petition.

9.     Denies each and every allegation contained in paragraph 9 of the Petition, except admits that until the voluntary withdrawal of Vioxx on September 30, 2004, Merck did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing information. Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses.

10.     Denies each and every allegation contained in paragraph 10 of the Petition.

11.     Denies each and every allegation contained in paragraph 11 of the Petition except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

12.     Denies each and every allegation contained in paragraph 12 of the Petition.

13.     Denies each and every allegation contained in paragraph 13 of the Petition.

14.     Denies each and every allegation contained in paragraph 14 of the Petition.

15.     Denies each and every allegation contained in paragraph 15 of the Petition except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 16 of the Petition except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

17.     Denies each and every allegation contained in paragraph 17 of the Petition except admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of

Vioxx, and respectfully refers this Court to the referenced announcement for its actual language and full text.

    18.    Denies each and every allegation contained in paragraph 18 of the Petition except admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx, and respectfully refers this Court to the referenced announcement for its actual language and full text.

### RESPONSE TO "COUNT I, NEGLIGENCE (Robert Wiese as Next to Friend of Terese Wiese v. Defendant Merck)"

    19.    With respect to the allegations contained in paragraph 19 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

    20.    The allegations contained in paragraph 20 of the Petition are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

    21.    Denies each and every allegation contained in paragraph 21 of the Petition.

    22.    Denies each and every allegation contained in paragraph 22 of the Petition.

    23.    Denies each and every allegation contained in paragraph 23 of the Petition.

    24.    Denies each and every allegation contained in paragraph 24 of the Petition except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT II, STRICT LIABILITY (Robert Wiese as Next to Friend of Terese Wiese v. Defendant Merck)"

    25.    With respect to the allegations contained in paragraph 25 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

26.    Denies each and every allegation contained in paragraph 26 of the Petition except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

27.    Denies each and every allegation contained in paragraph 27 of the Petition.

28.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Petition.

29.    Denies each and every allegation contained in paragraph 29 of the Petition.

30.    Denies each and every allegation contained in paragraph 30 of the Petition except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT III, STRICT LIABILITY FOR FAILURE TO WARN (Robert Wiese as Next to Friend of Terese Wiese v. Defendant Merck)"

31.    With respect to the allegations contained in paragraph 31 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

32.    Denies each and every allegation contained in paragraph 32 of the Petition except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

33.    Denies each and every allegation contained in paragraph 33 of the Petition.

34.    Denies each and every allegation contained in paragraph 34 of the Petition.

35.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Petition.

36.    Denies each and every allegation contained in paragraph 36 of the Petition.

37.    Denies each and every allegation contained in paragraph 37 of the Petition except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT IV, BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER UNIFORM COMMERCIAL CODE (Robert Wiese as Next to Friend of Terese Wiese v. Defendant Merck)"

38.     With respect to the allegations contained in paragraph 38 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

39.     Denies each and every allegation contained in paragraph 39 of the Petition except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

40.     Denies each and every allegation contained in paragraph 40 of the Petition.

41.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Petition.

42.     Denies each and every allegation contained in paragraph 42 of the Petition.

43.     Denies each and every allegation contained in paragraph 43 of the Petition.

44.     Denies each and every allegation contained in paragraph 44 of the Petition except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT V, FRAUD (Robert Wiese as Next to Friend of Terese Wiese v. Defendant Merck)"

45.     With respect to the allegations contained in paragraph 45 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

46.     Denies each and every allegation contained in paragraph 46 of the Petition except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

47.     Denies each and every allegation contained in paragraph 47 of the Petition.

48.     Denies each and every allegation contained in paragraph 48 of the Petition, including each and every allegation in subparagraphs (a) through (d).

49.     Denies each and every allegation contained in paragraph 49 of the Petition.

50.     The allegations in sentence one of paragraph 50 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in sentence one of said paragraph. Denies each and every allegation contained in sentences two and three of paragraph 50 of the Petition.

51.     Denies each and every allegation contained in paragraph 51 of the Petition.

52.     Denies each and every allegation contained in paragraph 52 of the Petition.

53.     Denies each and every allegation contained in paragraph 53 of the Petition.

54.     Denies each and every allegation contained in paragraph 54 of the Petition except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT VI, VIOLATION OF THE MERCHANDISING PRACTICES ACT, R.S. Mo. § 407.010, *et seq.* (Robert Wiese as Next to Friend of Terese Wiese v. Defendant Merck)"

55.     With respect to the allegations contained in paragraph 55 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

56.     Denies each and every allegation contained in paragraph 56 of the Petition.

57.     Denies each and every allegation contained in paragraph 57 of the Petition.

58.     The allegations contained in paragraph 58 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

7

59.    Denies each and every allegation contained in paragraph 59 of the Petition.

60.    Denies each and every allegation contained in paragraph 60 of the Petition.

61.    The allegations contained in paragraph 61 of the Petition are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

62.    Denies each and every allegation contained in paragraph 62 of the Petition except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT VII, LOSS OF CONSORTIUM (Robert Wiese v. Defendant Merck)"

63.    With respect to the allegations contained in paragraph 63 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

64.    Denies each and every allegation contained in paragraph 64 of the Petition.

## RESPONSE TO "COUNT VIII, AGGRAVATING CIRCUMSTANCES – PUNITIVE DAMAGES (Plaintiffs v. Defendant Merck)"

65.    With respect to the allegations contained in paragraph 65 of the Petition, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all paragraphs of this Answer with the same force and effect as though set forth here in full.

66.    Denies each and every allegation contained in paragraph 66 of the Petition except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

67.    Denies each and every allegation contained in paragraph 67 of the Petition.

8

68.     Denies each and every allegation contained in paragraph 68 of the Petition except admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "DEMAND FOR JURY TRIAL OF ALL ISSUES"

69.     No response is necessary to the request for a jury trial. Should a response be deemed required, Merck admits that Plaintiff has requested a jury.

### AS FOR A FIRST DEFENSE,
### MERCK ALLEGES:

Each and every claim asserted or raised in the Petition is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE,
### MERCK ALLEGES:

The Petition fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE,
### MERCK ALLEGES:

Each and every claim asserted or raised in the Petition is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

### AS FOR A FOURTH DEFENSE,
### MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A FIFTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A SIXTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A SEVENTH DEFENSE,
### MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Petition, such injuries or losses were caused in whole or in part by the contributory negligence of Plaintiff.

### AS FOR AN EIGHTH DEFENSE,
### MERCK ALLEGES:

Merck's fault, if any, must be compared to the fault of Plaintiff and others pursuant to Mo. Rev. Stat. § 537.765 and the principles of comparative fault announced in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983).

### AS FOR A NINTH DEFENSE,
### MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Petition, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

10

## AS FOR A TENTH DEFENSE,
### MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH DEFENSE,
### MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR A TWELFTH DEFENSE,
### MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Petition, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A FOURTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

11

### AS FOR A FIFTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part by the First Amendment.

### AS FOR A SIXTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or

standing to bring such claims.

### AS FOR A SEVENTEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because the product at issue was made in

accordance with the state of the art at the time it was manufactured.

### AS FOR AN EIGHTEENTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

Merck, any award of punitive damages is barred under the relevant state law.

### AS FOR A NINETEENTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was

subject to and received pre-market approval by the Food and Drug Administration under 52 Stat.

1040, 21 U.S.C. §301.

### AS FOR A TWENTIETH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the

Restatement (Second) of Torts.

### AS FOR A TWENTY-FIRST DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate

"directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation

Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the

Restatement (Second) of Torts.

### AS FOR A TWENTY-SECOND DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts:

Product Liability.

### AS FOR A TWENTY-THIRD DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the

Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTY-FOURTH DEFENSE,
### MERCK ALLEGES:

This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FIFTH DEFENSE,
### MERCK ALLEGES:

To the extent Plaintiff has settled or will in the future settle with any person or entity with

respect to the injuries asserted in the Petition, Merck's liability, if any, should be reduced

accordingly.

### AS FOR A TWENTY-SIXTH DEFENSE,
### MERCK ALLEGES:

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually

received from any other source for injuries alleged in the Petition, such benefits are not

recoverable in this action.

13

### AS FOR A TWENTY-SEVENTH DEFENSE,
### MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Petition, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-EIGHTH DEFENSE,
### MERCK ALLEGES:

Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus

14

violate the Equal Protection Clause of the Fourteenth Amendment of the United

States Constitution; and

(e)      The procedures pursuant to which punitive damages are awarded

permit the imposition of punitive damages in excess of the maximum criminal

fine for the same or similar conduct, which thereby infringes the Due Process

Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause

of the Fourteenth Amendment of the United States Constitution.

### AS FOR A TWENTY-NINTH DEFENSE,
### MERCK ALLEGES:

Merck avers that any award of punitive damages to the Plaintiff in this case will be

violative of the procedural safeguards provided to defendants under the Sixth Amendment to the

Constitution of the United States in that punitive damages are penal in nature and, consequently,

Merck is entitled to the same procedural safeguards accorded to criminal defendants.

### AS FOR A THIRTIETH DEFENSE,
### MERCK ALLEGES:

Merck avers that it is violative of the self-incrimination clause of the Fifth Amendment to

the Constitution of the United States of America to impose punitive damages against it, which

are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

### AS FOR A THIRTY-FIRST DEFENSE,
### MERCK ALLEGES:

Plaintiff's claim for strict liability is barred on the grounds that such claims are not

cognizable against Merck.

### AS FOR A THIRTY-SECOND DEFENSE,
### MERCK ALLEGES:

In the event the Plaintiff has suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and the Plaintiff's alleged damages, injuries, and/or losses.

### AS FOR A THIRTY-THIRD DEFENSE,
### MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

Inasmuch as the Petition does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

Merck will rely on all defenses which may become available during discovery or trial.

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Petition with prejudice and awarding Merck its reasonable costs and disbursements, including attorney's fees, together with such other and further relief that the Court may deem just and proper.

16

Respectfully Submitted,

John C. Aisenbrey        MO Bar # 31907
George F. Verschelden  MO Bar # 55128
STINSON MORRISON HECKER LLP
1201 Walnut, Suite 2800
Kansas City, Missouri 64108
Tel:    (816) 842-8600
Fax:    (816) 691-3495

ATTORNEYS FOR DEFENDANT
MERCK & CO., INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was placed in the United States mail, postage prepaid, this 3rd day of November, 2005 to:

Kenneth B. McClain
Daniel A. Thomas
Christopher R. Miller
Humphrey, Farrington & McClain
221 West Lexington, Suite 400
Independence, Missouri 64050

ATTORNEYS FOR PLAINTIFF

Attorney for Defendant Merck & Co., Inc.

17

# CIVIL COVER SHEET

JS 44   (WDMO Rev. 1-05)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Robert Wiese, Individually and as Next Friend of Terese Wiese. | Merck & Co., Inc. |

| (b) County of Residence of First Listed Plaintiff   **Clay County, MO** | County of Residence of First Listed Defendant   **Hunterdon County, NJ** |
|---|---|

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Kenneth B. McClain, Daniel A. Thomas, Christopher R. Miller Humphrey, Farrington, & McClain 221 W. Lexington, Suite 400, Independence, MO 64050 (816) 836-5050 | John C. Aisenbrey, George F. Verschelden Stinson Morrison Hecker LLP 1201 Walnut, Suite 2900, Kansas City, MO 64106 (816) 842-8600 |

(d)  Does this case seek a declaration judgment that a Missouri statute, rule or regulation is unconstitutional on its face or seek to enjoin the enforcement of a rule or regulation as to all persons because it is unconstitutional on its face?  ☐ Yes

NOTE: Do not include cases that only allege that the State of Missouri or any of its agencies have acted unconstitutionally or petitions or complaints filed  by persons confined in federal, state, county or municipal penal institutions, jail or mental institutions.

## I. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
|---|---|
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☒ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

If this is a removal from state court list the county  **Jackson County, Missouri**  and the case number  **0516-CV23767**

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332.

Brief description of cause:
Products Liability action involving the prescription medicine Vioxx®.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  Unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY  (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  **11-03-05**       SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**IMPORTANT** - The submission of this Civil Cover Sheet does not constitute the filing of your complaint. You MUST electronically file your complaint upon notification from the Clerk's Office.

JS 44 Reverse (WDMO Rev. 1/05)       **05·1090·CV·W·GAF**

**Attachment**

Attorneys for Defendant Merck & Co., Inc.

John C. Aisenbrey          MO Bar # 31907
George F. Verschelden      MO Bar # 55128
Stinson Morrison Hecker LLP
1201 Walnut, Suite 2800
Kansas City, MO 64106
(816) 842-8600
jaisenbrey@stinsonmoheck.com
gverschelden@stinsonmoheck.com


Attorney for Defendant Pfizer Inc.

Harvey L. Kaplan    MO Bar # 18126
Scott W. Sayler     MO Bar # 36088
Jon A. Strongman    MO Bar # 53995
Shook Hardy Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Mo 64108
(816) 474-6550